UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GILBERTO GUDINO-MARTINEZ<br><br>    Defendant. | NO. CR-02-0279-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY AND CORRECT SENTENCE UNDER 18 U.S.C. § 3582(c)(2)** |

Before the Court is the Defendant's Motion to Modify and Correct Sentence Under 18 U.S.C. § 3582(c)(2), (Ct. Rec. 31), filed May 4, 2005. The Defendant seeks a reduction of his term of imprisonment on the grounds that his base offense level was unconstitutionally enhanced by sixteen levels and his criminal history score should not have been fifteen points because such "enhancements" were not submitted to a jury. After reviewing the motion, 18 U.S.C. § 3582, and relevant case law, the Court is fully informed and denies the Defendant's motion

"The authority of district courts to correct or reduce sentence is limited." *See United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996). Section 3582(c) of Title 18 provides:

> The court may not modify a term of imprisonment once it has been imposed except that–

ORDER ~ 1

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the facts set forth in section 3553(a) to the extent that they were applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Defendant's sentencing guideline range, 77-96 months, was reached after considering the Defendant's "Offense Level" and "Criminal History Category" under the United States Sentencing Guidelines ("Guidelines") Sentencing Table.  The Court determined the Defendant's Total Offense Level was 21, after considering Guidelines § 2L1.2(a), which specifies that the Base Offense Level for "Unlawfully Entering or Remaining in the United States" is 8.  The Court then applied a sixteen-level enhancement under § 2L1.2(b)(1)(A), finding that the Defendant previously was deported, or unlawfully remained in the United States, after a conviction for a crime of violence--second degree assault.  The Defendant received a three-level reduction for Acceptance of Responsibility under §§ 3E1.1(a) and (b), resulting in a Total Offense Level of 21.

The Court utilized the 2002 Guidelines at the Defendant's May 21, 2003, Sentencing Hearing.  Neither the 2003 nor the 2004 Guidelines change the calculations above .  Accordingly, the "Offense Level" variable considered by the Court in determining the guideline range has not changed, or more specifically has not lowered the sentencing guideline range.

Furthermore, the "Criminal History" variable has not been modified. The Sentencing Guidelines have not changed the number of points to be assigned to certain kinds of previous offenses.  Therefore, the Court

ORDER ~ 2

finds the Defendant's term of imprisonment is not based on a sentencing range that has subsequently been lowered.

The Defendant referenced *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004), *Booker v. United States*, 125 S. Ct. 738 (2005), and *Shepard v. United States*, 125 S. Ct. 1254 (2005). *Apprendi* was decided prior to this Defendant's sentence and was considered by the Court at sentencing. The other cases were decided by the Supreme Court following the Defendant's sentencing, however, the Court finds these cases do not apply to the Defendant's 18 U.S.C. § 3582(c)(2) motion. All of these cases were pronouncements of the United States Supreme Court and not the United States Sentencing Commission. *United States v. Green*, --- F.3d ---, 2005 WL 1060608 (10th Cir. 2005); *United States v. Chappell*, --- F. Supp.2d ---, 2005 WL 806702, *1 n.1 (D. Kan. 2005) (concluding there is no *Booker* relief under 18 U.S.C. § 2852(c)(2)); *United States v. McBride*, 283 F.3d 612, 615-16 (3d Cir. 2002) (holding no *Apprendi*-premised § 3852(c)(2) relief); *Shafer v. United States*, 2005 WL 850842 (D. Me. 2005). Furthermore, *Booker* did not alter the rule that the Court is able to make determinations concerning the fact of a prior conviction for purposes of sentencing. For these reasons, the Defendant cannot seek a reduction of his term of imprisonment under 18 U.S.C. § 3852(c)(2). Accordingly, **IT IS HEREBY ORDERED:** Defendant's Motion to Modify and Correct Sentence Under 18 U.S.C. § 3582(c)(2), **(Ct. Rec. 31),** is **DENIED**.

*///*

*///*

*///*

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to the Defendant and the Government.

**DATED** this ___12th___ day of May, 2005.

                              S/ Edward F. Shea
                               EDWARD F. SHEA
                        United States District Judge

Q:\Criminal\2002\0279.motion.3582.wpd

ORDER ~ 4